Michael Edward **CAREY**, Appellee,

v.

**STATE OF MINNESOTA**, Appellant.

No. 84–5166.

United States Court of Appeals,
Eighth Circuit.

Submitted Dec. 24, 1984.

Decided July 5, 1985.

Cecilia M. Michel, Minneapolis, Minn., for appellant.

Steven C. DeCoster, St. Paul, Minn., for appellee.

Before HEANEY, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge, and McMILLIAN, Circuit Judge.

PER CURIAM.

Michael Edward Carey appeals from the district court's [1] denial of his petition for a writ of habeas corpus. We affirm.

Carey was convicted of simple robbery in the Minnesota District Court in January 1971. Shortly before trial, Carey dismissed his appointed counsel and asked the court for substitution of other state-appointed counsel. Carey stated that he felt his counsel had done an inadequate job of cross-examination at the pre-trial suppression hearing. The court denied the request, but advised Carey that he could conduct his own defense with his present counsel available in an advisory capacity. The court asked whether Carey wished to try the case himself and he replied, "No. I don't. I want a different attorney. But since I can't have one I'll conduct my own defense, yes." Carey proceeded without an attorney, was convicted by the jury of simple robbery, and was sentenced on February 12, 1971, to an indeterminate term not to exceed ten years. On September 12, 1972, Carey was released on parole. The Minnesota Supreme Court affirmed Carey's conviction in an opinion filed May 18, 1973. *See State v. Carey*, 296 Minn. 214, 207 N.W.2d 529 (1973). On October 28, 1974, Carey's parole expired on his simple robbery conviction. Since his release on this conviction, Carey has been convicted of other felonies and was serving time in federal prison at the time the briefs in this matter were filed.

On May 16, 1984 Carey petitioned the federal district court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. After discussing the jurisdictional issues of "in custody," "ripeness," "no unreasonable time delay," and "no prejudice to state for reconsideration," the district court left those issues open and went directly to the merits of Carey's claim. In denying the petition, the district court noted that both the state trial court and the state supreme court found that Carey's court appointed counsel had conducted a very lengthy and extensive cross-examination at the suppression hearing. The court ruled that Carey's court-appointed counsel had performed competently, and that by dismissing his counsel Carey had availed himself of his constitutional right to self-representation.

We agree with the district court that Carey's habeas petition fails on the merits. A criminal defendant does not have the absolute right to counsel of his own choosing. *Williams v. Nix*, 751 F.2d 956, 959 (8th Cir.1985); *State v. Fagerstrom*, 286 Minn. 295, 176 N.W.2d 261, 264 (1970). *Accord United States v. Ely*, 719 F.2d 902, 904–05 (7th Cir.1983), *cert. de-*

1. The Honorable Miles W. Lord, Chief Judge, United States District Court for the District of Minnesota.

442

*nied,* —— U.S. ——, 104 S.Ct. 1313, 79 L.Ed.2d 710 (1984); *United States v. Gipson,* 693 F.2d 109, 111 (10th Cir.1982), *cert. denied,* 459 U.S. 1216, 103 S.Ct. 1218, 75 L.Ed.2d 455 (1983). Carey's citation to *Patton v. North Carolina,* 315 F.2d 643 (4th Cir.1963) is inapposite. In *Patton,* the accused dismissed his retained counsel because he was inadequately prepared, and the trial court refused Patton's requests to appoint counsel for him. The Fourth Circuit held that Patton was entitled to court-appointed counsel, and that his requests for such counsel negated any possibility that he had waived his constitutional right to counsel. Here, however, the trial court properly informed Carey that he did not have the right to a substitution of appointed counsel. Carey stated several times that he chose to conduct his own defense rather than to continue being represented by his original appointed counsel. Further, *Faretta v. California,* 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), appears to have considerably restricted the reach and application of *Patton.* The record shows that the trial court inquired into Carey's familiarity with courtroom procedures, noted the difficulty in proceeding without a lawyer, and offered to make Carey's appointed counsel available during the trial should Carey need his assistance (although Carey emphatically declined the offer). Under the circumstances we agree with the district court that Carey knowingly and intelligently chose to represent himself and to forego the benefit of counsel. *See Faretta,* 422 U.S. at 835, 95 S.Ct. at 2541. *See also United States v. Pilla,* 550 F.2d 1085, 1093 (8th Cir.), *cert. denied,* 432 U.S. 907, 97 S.Ct. 2954, 53 L.Ed.2d 1080 (1977) (defendant held to have intelligently and voluntarily waived his right to counsel when he refused to accept the services of appointed or retained counsel, knowing the alternative was to proceed in his own defense).

In sum, we affirm the district court's denial of Carey's petition for writ of habeas corpus.