The PEOPLE of the State of Colorado, Plaintiff-Appellee,

v.

Robert D. EVANS.

No. 83CA1211.

Colorado Court of Appeals, Div. II.

July 18, 1985.

Rehearing Denied Sept. 12, 1985.

Certiorari Denied Dec. 9, 1985.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Cynthia D. Jones, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, State Public Defender, Gerald E. Piper, Special Deputy State Public Defender, Denver, for defendant-appellant.

METZGER, Judge.

Defendant, Robert D. Evans, was convicted by a jury of conspiracy to distribute marijuana and possession of marijuana with intent to dispense. On appeal, he contends that he was deprived of his right to a fair jury trial because of juror misconduct, and that the trial court erred in excluding evidence that smoking marijuana was part of defendant's personal religious belief. Finding merit in defendant's first contention, we reverse.

I.

The record shows that at defendant's trial one of the jurors was asleep during

defense counsel's closing argument. The bailiff brought this to the trial court's attention, and the court instructed the bailiff to provide a glass of water for the juror. However, defense counsel was unaware of the situation until the trial court commenced contempt proceedings against the juror immediately after the jury returned its verdicts.

During the contempt proceedings, the trial court found as follows:

"The court finds you did, in fact, have a great deal of difficulty concentrating on what was going on, and in the court's opinion you were, in fact, asleep. ... The court finds your service as a juror was unsatisfactory, and was contemptuous of the seriousness of what we are talking about here."

However, the trial court denied defendant's motion for judgment of acquittal, or alternatively for a new trial, based on the sleeping juror. At the hearing on defendant's motion, the court noted:

"While the court acknowledges that the defendant has a right to a trial before a complete jury, the court believes that the facts of this particular case do not require a new trial, and do not suggest that the defendant's rights were violated."

Defendant contends that this juror's misconduct denied him his constitutional right to a fair jury trial. We agree.

█ Jury misconduct which materially affects the substantial rights of a party preventing a fair and impartial trial may serve as grounds for a new trial. *Butters v. Wann*, 147 Colo. 352, 363 P.2d 494 (1961). However, the defendant must establish that he was prejudiced by the misconduct in order to overturn his conviction, and the prejudicial impact of the misconduct is a question of fact to be determined in light of all the circumstances of the trial. *Alvarez v. People*, 653 P.2d 1127 (Colo. 1982). The determination whether prejudice has occurred is within the sound discretion of the trial court and only where

that discretion has been abused will a new trial be ordered. *People v. Mackey*, 185 Colo. 24, 521 P.2d 910 (1974).

█ We conclude that the juror's misconduct did prejudice defendant and that the trial court abused its discretion in refusing to grant a new trial. The trial court knew that the juror was sleeping during defense counsel's closing argument. Nevertheless, it chose not to replace the sleeping juror with the alternate juror, nor did it admonish the juror, or recess the trial. Instead, contempt proceedings were initiated only after the jury's verdicts had been received.

The purpose of closing argument is to "sharpen and clarify the issues for resolution by the trier of fact." T. Borillo, 6 *Criminal Practice and Procedure* § 897 (1977 Pocket Part). Therefore, it is imperative that the defendant enjoy the opportunity to marshall the evidence before submission of the case.

We agree with the trial court that closing argument is "one of the most consequential parts of the trial" and with its conclusion that the juror's inattention during that stage of the proceedings was not only "contemptuous of the court, but contemptuous of the rights of the defendant." Since the trial court obviously determined that the juror's misconduct was sufficiently grave to warrant a contempt proceeding and imposition of a penalty, we fail to see how this same misconduct falls short of constituting prejudice to the defendant.

Thus, we conclude that the defendant has demonstrated that he was prejudiced by the juror's misconduct and that he is entitled to a new trial.

## II.

Because it may arise upon retrial, we also address defendant's contention that the trial court erred in prohibiting him from presenting evidence during trial that smoking marijuana was part of his personal religious beliefs.

During an *in limine* hearing, the defendant testified that the use of marijuana was part of his religious beliefs and, as such, should be available at trial as an affirmative defense. The trial court denied defendant's request, finding that defendant's religious beliefs were related to the defendant's personal use, not to the charge of dispensing marijuana, and failed to constitute an affirmative defense. We agree with the trial court.

CRE 403 provides:

"Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

A trial court has broad discretion in determining the relevancy of evidence. And, a trial court's decision as to the admissibility of evidence will not be reversed unless it is shown that there was an abuse of discretion. *People v. Schwartz*, 678 P.2d 1000 (Colo.1984). Facts so remote or so collateral to the issue that they afford only conjectural inference are properly excluded. *People v. Botham*, 629 P.2d 589 (Colo. 1981).

During the pretrial hearing defendant testified that marijuana was his "religious food" and that there was no difference between smoking marijuana or distributing it to others. Defendant argued that "putting a price tag on marijuana was what made it illegal," and, since he simply "traded" marijuana, he did not commit any illegal act. This evidence regarding defendant's personal religious belief is irrelevant to the charge of distribution of marijuana to others. Thus, the trial court did not abuse its discretion in refusing to allow defendant's proffered evidence.

The judgment is reversed and the cause is remanded for a new trial.

KELLY and TURSI, JJ., concur.