Filed 7/13/99 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

1999 ND 125

City of Fargo, Plaintiff and Appellee

v.

Bronson Jamal Rockwell, Defendant and Appellant

No. 980305

Appeal from the District Court of Cass County, East Central Judicial District, the Honorable Frank L. Racek, Judge.

AFFIRMED.

Opinion of the Court by Kapsner, Justice.

Stephen R. Dawson, City Prosecutor, P.O. Box 150, Fargo, ND 58107-0150, for plaintiff and appellee.

Richard E. Edinger, 200-5th St. South, Suite 103, Moorhead, MN 56560, for defendant and appellant.

City of Fargo v. Rockwell

No. 980305

Kapsner, Justice.

[¶1] 
Bronson Jamal Rockwell appealed from a trial court judgment of conviction finding him guilty of driving under the influence of alcohol.  He asserts his right to counsel was violated.  We conclude Rockwell knowingly and intelligently waived his right to counsel and therefore affirm.

I.

[¶2] On April 26, 1998, Rockwell was charged with driving under the influence of alcohol.  The trial court appointed Cash Aaland as counsel to represent Rockwell.  Rockwell, through Aaland, filed a N.D.R.Crim.P. 16 discovery request and filed a motion to suppress the results of a blood-alcohol test.

[¶3] On September 8, 1998, the morning of the trial, Rockwell appeared with Aaland.  Aaland informed the trial court that Rockwell had indicated he wanted to represent himself.  Rockwell told the trial court he “would like to be appointed a new attorney” because he had lost confidence in Aaland.  The court responded that Rockwell had a right to court-appointed counsel, but no right to pick and choose who that counsel would be.  Based upon pretrial motions, the trial court noted Aaland had ably represented Rockwell to that point and also noted court-appointed counsel was an “experienced trial lawyer particularly on these particular type of cases.”  The trial court denied Rockwell’s request for new counsel.

[¶4] Following the denial of Rockwell’s request for a new court-appointed attorney, the following exchange occurred:  

MR. AALAND:  Up until this morning I understand Mr. Rockwell wanted to conduct his own defense; is that still your wish, Mr. Rockwell?

THE DEFENDANT:  I would like to conduct my own defense.  If I can have an -- an alternate lawyer from the Court --

THE COURT:  Sir, the constitutional rights, sir, to proceed at -- as your own attorney, what the Court calls proceeding pro se, if you choose to proceed pro se you are held to the requirements of knowing the rules of the Court as any other attorney would be held to.  You would be required to make all the decisions and examine witnesses and conduct yourself in accordance with the rules of the Court.

THE DEFENDANT:  I need someone to help me with procedure.

THE COURT:  Do you want Mr. Aaland to sit and help you with the procedure?

THE DEFENDANT:  Do you have another?

THE COURT:  That would be your choice.

THE DEFENDANT:  That's it? 

THE COURT:  Uh-huh.

THE DEFENDANT:  Then I will have to have Mr. Aaland.

THE COURT:  What you're telling me is you want to make your own statements; is that correct?

THE DEFENDANT:  Yes.

THE COURT:  You want to cross-examine all the witnesses brought against you by the City yourself? 

THE DEFENDANT:  Yes, sir.

THE COURT:  You want to call all the witnesses, if any, in your own defense on your own?

THE DEFENDANT:  Is that what I'm supposed to do?  Do I have any alternative or are you letting me know these are the things I have to do on my own?

THE COURT:  What I want you to decide is you represent yourself and five minutes into the case Mr. Aaland represents you and fifteen minutes later you're representing yourself.  We're not going to go back and forth.  So you tell me right now what it is that you're going to do.  You are going to make the opening statement? 

THE DEFENDANT:  I will do whatever the lawyer is supposed to do.  I will make the opening statement.

THE COURT:  You are going to examine all the witnesses yourself? 

THE DEFENDANT:  As I said, I would imagine I would like to be able to conduct it with Mr. Aaland.

THE COURT:  That's fine, but Mr. Aaland he's going to -- going to participate in the trial is what you're telling me? 

THE DEFENDANT:  I understand what you're saying.

THE COURT:  So you're going to represent yourself.  Mr. Aaland will be available to ask questions of, but you are -- you will do all your own lawyering, and the --

THE DEFENDANT:  The only ones -- and for the sake of the record I object to denying me appointment of new counsel.  Other than that, I understand what you're saying about me -- my being responsible for the aspect of the lawyer.

During the trial, Rockwell conducted the examinations of witnesses and delivered the opening statement and closing argument.  Aaland’s participation was limited to minimal consultation on procedural issues and the direct examination of Rockwell. 

[¶5] The trial court ordered a lunch recess during the middle of Rockwell’s closing argument.  Following the recess, Aaland did not return to the courtroom and Rockwell requested “just a few more seconds to see if [his] consulting attorney [was] going to appear.”  After the trial court informed Rockwell that Aaland’s wife had gone into labor and Aaland would not be returning, Rockwell delivered the remainder of his closing argument.  The jury convicted Rockwell of driving under the influence.

II.

[¶6] Rockwell claims he did not waive his state and federal constitutional right to assistance of counsel because the trial court failed to warn him of the dangers and disadvantages of self-representation.

[¶7] A criminal defendant’s right to counsel is guaranteed by the Sixth Amendment of the United States Constitution and Article I, Section 12 of the North Dakota Constitution.  
State v. Wicks
, 1998 ND 76, ¶ 16, 576 N.W.2d 518; 
State v. Poitra
, 1998 ND 88, ¶ 7, 578 N.W.2d 121.  Our standard of review for an alleged constitutional right is de novo.  
Wicks
, 1998 ND 76, at ¶ 17; 
State v. Harmon
, 1997 ND 233, ¶ 16, 575 N.W.2d 635.  Denial of a defendant’s constitutional right to counsel requires reversal of a conviction because prejudice is presumed.  
Wicks
, 1998 ND 76, at ¶ 17; 
Poitra
, 1998 ND 88, at ¶ 7.

[¶8] A corollary to a defendant’s constitutional right to counsel is a defendant’s right to self-representation if a defendant knowingly and intelligently elects to proceed pro se.  
Owens v. State
, 1998 ND 106, ¶ 24, 578 N.W.2d 542; 
Poitra
, 1998 ND 88, at ¶ 8;  
Harmon
, 1997 ND 233, at ¶ 16; 
State v. Hart
, 1997 ND 188, ¶ 6, 569 N.W.2d 451 (citing 
Faretta v. California
, 422 U.S. 806 (1975)).  However, by electing to proceed pro se a defendant necessarily relinquishes many of the benefits of counsel.  
Hart
, 1997 ND 188, at ¶ 6.  For this reason, “[a] knowing and intelligent waiver of the right to counsel depends on the facts and circumstances and requires the defendant to be made aware of the dangers and disadvantages of self-representation so the record establishes the defendant knows what he is doing and his choice is made with eyes open.”  
Poitra
, 1998 ND 88, at ¶ 8; 
see also
 
Wicks
, 1998 ND 76, at ¶ 18.  Self-

representation may be a defendant’s right, but it is “not a license to abuse the dignity of the courtroom, nor to ignore rules of procedure.”  
Hart
, 1997 ND 188, at ¶ 6.  Thus, this court authorizes the appointment of standby counsel, over a defendant’s objection, to assist the defendant and to represent the defendant if the defendant terminates his or her right to self-representation.  
Hart
, 1997 ND 188, at ¶ 6.

[¶9] In this case, we must decide whether Rockwell voluntarily waived his right to counsel and, if so, whether that waiver was knowing and intelligent.  This court discussed a similar argument in 
State v. Harmon
, 1997 ND 233, 575 N.W.2d 635; 
State v. Wicks
, 1998 ND 76, 576 N.W.2d 518; and 
State v. Poitra
, 1998 ND 88, 578 N.W.2d 121.  In 
Harmon
, at ¶ 2, the defendant claimed he had a conflict of interest with his court-appointed attorney.  Harmon’s request for another court-appointed attorney was denied by the trial court.  
Id.
  After Harmon repeatedly requested appointment of substitute counsel following the denial of his initial request, the trial court relieved the appointed counsel of “actively defending” Harmon, but required the attorney to “remain available to the Defendant in a standby capacity for 
consultation 
during the Defendant’s pretrial preparation and during the trial of these cases.”  
Id.
 at ¶ 3.  Harmon initially represented himself at trial, but subsequently allowed his standby counsel to participate.  
Id.
 at ¶ 7.

[¶10] On appeal, Harmon argued he did not waive his constitutional right to counsel because the record failed to establish he was informed of the dangers and disadvantages of proceeding pro se.  
Harmon
, 1997 ND 233, at ¶ 15.  This court concluded Harmon’s continued requests for substitute counsel, after having had his requests for substitute counsel denied, must be considered the functional equivalent of a voluntary waiver of his right to counsel.  
Id.
 at ¶ 21; 
see also
 
Carey v. State of Minnesota
, 767 F.2d 440, 442 (8
th
 Cir. 1985) (per curiam); 
Meyer v. Sargent
, 854 F.2d 1110, 1114 (8
th
 Cir. 1988).  We concluded Harmon’s functional waiver was knowing and intelligent, and Harmon was informed of the dangers and disadvantages of proceeding pro se.  
Harmon
, at ¶ 23.

[¶11] In 
State v. Wicks
, 1998 ND 76, ¶ 5, 576 N.W.2d 518, the defendant filed a disciplinary complaint against her court-appointed attorney a few days before trial.  Wicks claimed she filed the complaint to preserve the record for a later claim of ineffective assistance of counsel and did not know filing a complaint would cause her attorney to withdraw.  
Id.
  The court granted her attorney’s oral motion to withdraw on the day of the trial and required Wicks to represent herself.  
Id.
 at ¶ 9.  On appeal, Wicks argued her constitutional right to counsel was violated.  
Id.
 at ¶ 15.  We concluded she did not knowingly and intelligently waive her right to counsel when she filed a complaint against her attorney resulting in an unintentional conflict of interest.  
Id.
 at ¶ 19.

[¶12] Most recently, in 
State v. Poitra
, 1998 ND 88, ¶ 3, 578 N.W.2d 121, the defendant wrote to the trial court he no longer wanted the services of his court-

appointed counsel and would be hiring his own attorney.  The trial court granted counsel’s subsequent motion to withdraw.  
Id.
  Poitra attended a pretrial conference without counsel and informed the court he had “no other alternative” than to  represent himself because he was unable to secure a loan to hire an attorney.  
Id.
 at ¶ 4.  During the trial, Poitra represented himself and was subsequently convicted of theft of property.  
Id.
 at ¶ 5.

[¶13] On appeal, Poitra argued the trial court failed to advise him of the dangers and disadvantages of proceeding pro se, and thus, he did not knowingly and intelligently waive his right to counsel.  
Id.
 at ¶ 6.  This court concluded Poitra’s statement that he had “no other alternative” but to represent himself demonstrated the trial court’s failure to establish Poitra’s awareness of the dangers and disadvantages of self-

representation.  
Id.
 at ¶ 13.  We held Poitra did not knowingly and intelligently waive his right to counsel because his request to remove court-appointed counsel and subsequent inability to hire counsel was not the functional equivalent of a knowing and intelligent waiver.   
Id.
  

[¶14] Here, similar to the defendant in 
State v. Harmon
, 1997 ND 233, ¶ 21, 575 N.W.2d 635, Rockwell’s continued requests for a new court-appointed attorney after the trial court clearly denied his initial request must be considered the functional equivalent of a voluntary waiver of his right to counsel.  
See also
 
Meyer v. Sargent
, 854 F.2d 1110, 1114 (8
th
 Cir. 1988) (deciding Meyer’s decision to seek removal of his court-appointed attorney after being advised another attorney would not be appointed for him was the functional equivalent of a knowing and intelligent waiver of his right to counsel); 
Carey v. State of Minnesota
, 767 F.2d 440, 441-42 (8
th
 Cir. 1985) (per curiam) (concluding Carey knowingly and intelligently waived his right to counsel when he repeatedly stated he wanted to conduct his own defense rather than be represented by his original court-appointed attorney).

[¶15] After concluding Rockwell functionally waived his right to counsel, we must decide whether Rockwell’s waiver was knowing and intelligent.  
See
 
State v. Harmon
, 1997 ND 233, ¶ 22, 575 N.W.2d 635.  Whether a defendant knowingly and intelligently waived his or her right to counsel is dependent upon an examination of the record and the facts and circumstances of each case.  
Id.
 (citation omitted).  This court has stated “a specific colloquy about the dangers and disadvantages of self-

representation is not required, but trial courts should eliminate any ambiguity about functional waivers by making a specific on-the-record determination that the defendant unequivocally, knowingly, and intelligently waived the right to counsel.”  
State v. Poitra
, 1998 ND 88, ¶ 10, 578 N.W.2d 121.  The record must be clear that the defendant knew what he was doing, and the choice to waive representation was made with open eyes.  
Id.
 at ¶ 8.

[¶16] Here, the record affirmatively shows on the morning of trial Rockwell clearly and unequivocally stated he wanted to represent himself and did not want Aaland to represent him.  Based on his experience with Aaland, the trial judge advised Rockwell of Aaland’s competence and experience with driving under the influence cases and informed Rockwell if he chose to represent himself he would be responsible for making his own statements, cross-examining the City’s witnesses, and calling witnesses in his defense. In addition to outlining the expectations of Rockwell during his self-representation, the court made clear that Rockwell would be expected to conform to the rules and procedures of court.  In response, Rockwell stated he would “do whatever the lawyer is supposed to do.”  The court told Rockwell that Aaland would “be available to ask questions of,” but that Rockwell would have to “do all [his] own lawyering. . . .”  Rockwell stated he understood he would be “responsible for the aspect of the lawyer.”  Although Rockwell’s decision to represent himself may have been an error in judgment, the record establishes his decision was made with his eyes open, making it a knowing and intelligent waiver.  
See
 
State v. Harmon
, 1997 ND 233, ¶ 23, 575 N.W.2d 635.  We conclude Rockwell was advised of the dangers and disadvantages of self-representation and voluntarily, knowingly, and intelligently waived his right to counsel.

III.

[¶17] During Rockwell’s closing argument, the trial court excused the jury for a noon recess.  After the jury was seated following the recess, Rockwell asked if he could “have just a few more seconds to see if [his] consulting attorney [was] going to appear.”  After a brief discussion with the clerk, the trial judge advised Rockwell the clerk’s office had been informed Aaland’s wife had gone into labor and he would not be returning for the duration of the trial.  Rockwell claims the absence of Aaland during the remainder of his closing argument violated his constitutional right to standby counsel.
(footnote: 1)
[¶18] Despite Rockwell’s assertion, there is no federal or state constitutional right to standby counsel.  
See, e.g.
, 
United States v. Webster
, 84 F.3d 1056, 1063 (8
th
 Cir. 1996); 
United States v. Patterson
, 42 F.3d 246, 248 (5
th
 Cir. 1994); 
United States v. Swinney
, 970 F.2d 494, 498 (8
th
 Cir. 1992); 
Harris v. State
, 942 P.2d 151, 155 (Nev. 1997); 
State v. Oliphant
, 702 A.2d 1206, 1212 (Conn. App. Ct. 1997).  Standby counsel may be appointed within the discretion of the trial court “to assist the defendant and to represent the defendant if termination of self-representation is necessary.”  
See
 
State v. Hart
, 1997 ND 188, ¶ 6, 569 N.W.2d 451 (citing 
Faretta v. California
, 422 U.S. 806, 834 (1975)).  However, a trial judge is not required to order “hybrid”  representation.  
McKaskle v. Wiggins
, 465 U.S. 168, 183 (1984); 
see generally
 2 Wayne R. LaFave & Jerold H. Israel, 
Criminal Procedure
 § 11.5(f) (1984 & Supp. 1991).

[¶19] “Absent a constitutional right to standby counsel, a defendant generally cannot prove standby counsel was ineffective.”  
See, e.g.
, 
United States v. Schmidt
, 105 F.3d 82, 90 (2
nd
 Cir. 1997); 
United States v. Cochrane
, 985 F.2d 1027, 1029 & n.1 (9
th
 Cir. 1993) (per curiam); 
United States v. Windsor
, 981 F.2d 943, 947 (7
th
 Cir. 1992).  “As the word ‘standby’ implies, standby counsel is merely to be available in case the court determines that the defendant is no longer able to represent himself or in case the defendant chooses to consult an attorney.”  
United States v. Windsor
, 981 F.2d 943, 947 (7
th
 Cir. 1992).  As a practical matter, standby counsel does not represent the defendant; the defendant represents himself and may or may not chose to consult with his standby counsel during the course of the proceedings.  
United States v. Taylor
, 933 F.2d 307, 312-13 (5
th
 Cir. 1991).  The duties and responsibilities of standby counsel are understandably less than the obligations of retained or appointed counsel.  
United States v. Schmidt
, 105 F.3d 82, 90 (2
nd
 Cir. 1997).  Thus, standby counsel is not “counsel” within the context of the Sixth Amendment.  
Taylor
, 933 F.2d at 313. 

[¶20] Notwithstanding the absence of a constitutional right to standby counsel, some courts have ruled a trial court abuses its discretion when it summarily denies a pro se defendant’s request to have standby counsel give the defense’s closing argument.  
Howard v. State
, 701 So.2d 274, 284 (Miss. 1997); 
see also
 
Dowell v. State
, 557 N.E.2d 1063, 1067 (Ind. Ct. App. 1990).  In 
Howard
, 701 So.2d at 284, the defendant attempted to present his own defense at trial, but during a discussion between standby counsel and the defendant about the jury instructions, the defendant asked his standby counsel to take “an active role” and deliver the closing argument on his behalf.  Standby counsel conveyed Howard’s message to the trial judge, but expressed reluctance in delivering the closing argument without adequate time to prepare.  
Id.
  The trial court concluded standby counsel did not have to deliver the closing argument at that “late stage in the argument of th[e] case.”  
Id.
 at 285.  The Mississippi Supreme Court reversed and remanded the case for a new trial concluding under the circumstances the trial court abused its discretion in refusing to grant Howard’s request to have his standby counsel deliver the closing argument.  
Id.
 at 286-87.

[¶21] Here, Rockwell was in the middle of his closing argument when the trial court excused the jury for a noon recess.  After the trial judge informed Rockwell that his standby counsel would not be returning Rockwell responded: “Well, this makes it doubly worse since I wasn’t prepared to defend myself from the beginning.  I’ll do the best I can.”  Although Rockwell apparently was disappointed Aaland would not be returning, at no time did he request a continuance.  Unlike the defendant in 
Howard v. State
, 701 So.2d 274, 284 (Miss. 1997), Rockwell never informed the trial court he wanted his standby counsel to complete his closing argument, or needed him for any other type of legal consultation.  Further, Rockwell represented himself throughout the remainder of the proceedings without expressing any desire to relinquish his right to self-representation or to reassert his right to counsel.  Under these circumstances, we conclude Rockwell had no constitutional right to the presence of standby counsel.  Therefore, his constitutional right to counsel was not violated by his standby counsel’s absence during the remainder of his closing argument.

IV.

[¶22] We affirm the trial court’s judgment of conviction finding Rockwell guilty of driving under the influence of alcohol.

[¶23] Carol Ronning Kapsner

Mary Muehlen Maring

William A. Neumann

Gerald W. VandeWalle, C.J.

Sandstrom, Justice, dissenting.

[¶24] 
I agree with the majority, there is no constitutional right to standby counsel.  But when a defendant’s decision to represent himself is induced by the court’s assurance he will have standby counsel to assist him throughout his trial, and the defendant is subsequently deprived of standby counsel, without his consent and through no fault of his own, the defendant has not knowingly and voluntarily waived his right to counsel.

[¶25] The defendant was unhappy with his court-appointed counsel and repeatedly asked the court to appoint another.  The court told the defendant he could either be represented by counsel the court had appointed, or he could represent himself.  When he said he did not understand the procedure and would need help with it, the court said it would appoint standby counsel to assist him:  “Mr. Aaland will be available to ask questions of.”  Only then did the defendant elect self-representation.

[¶26] Waiver of the right to counsel must be knowing and voluntary.  
See, e.g.
, 
Brewer v. Williams
, 430 U.S. 387, 401, 404 (1977); 
State v. Wilson
, 488 N.W.2d 618, 620 (N.D. 1992) (citing 
City of Fargo v. Christiansen
, 430 N.W.2d 327 (N.D. 1988)).  The court must ensure the defendant understands the risks he will face.  
See
 
State v. Haugen
, 384 N.W.2d 651 (N.D. 1986) (defendant can waive right to jury trial, but such waiver must be a voluntary, knowing, and intelligent decision, made with awareness of circumstances and possible outcomes).  When he expressed concern about the procedure, he was not told he might be on his own; he was told he would have standby counsel to assist him.

[¶27] At crucial stages of the proceedings, standby counsel was absent, without the defendant’s consent and despite his protests.  Standby counsel was absent during closing argument—a critical stage of the proceedings.  
See
 
People v. Evans
, 710 P.2d 1167, 1167-68 (Colo. Ct. App. 1985) (“closing argument is ‘one of the most consequential parts of the trial’”); 
see also
 
Fuhrman v. Fuhrman
, 254 N.W.2d 97, 102 (N.D. 1977) (closing argument in a bench trial is important); 
People v. McDonald
, 660 N.E.2d 832, 849 (Ill. 1995) (“A criminal defendant has a constitutional right to . . . appear and participate 
in person and by counsel
 at all proceedings that involve his substantial rights.”).

[¶28] Standby counsel was absent when the jury sent out a question, and the defendant again protested standby counsel’s absence:  “Well, Your Honor, I’m without counsel.  I’d like to make an objection for the sake of the record, but I’ll lend you my feelings on it nevertheless.”  The  time when the jury sends out a question is a critical stage of the proceeding.  
See
 
Coleman v. Alabama
, 399 U.S. 1 (1970) (counsel must be provided “at critical stages of the proceedings”); 
State v. Smuda
, 419 N.W.2d 166, 167 (N.D. 1988); 
People v. Harris
, 691 N.E.2d 80, 85 (Ill. 1995) (“Jury deliberations are a critical stage of trial and involve substantial rights.”).

[¶29] Standby counsel was absent at the time of sentencing.  Although the defendant did not specifically raise the issue of absent counsel again, neither did the court inquire if there was any reason sentence should not be imposed at that time.  The time of sentencing is a critical stage of the proceedings.  
State v. Nelson
, 417 N.W.2d 814, 817 (N.D. 1987) (quoting 
Commonwealth v. Knighton
, 415 A.2d 9 (1980)) (“The sentencing decision is of paramount importance in our criminal justice system.  At sentencing, the court seeks to vindicate society’s interest in imposing appropriate sanctions against those individuals determined to be criminally culpable.”).

[¶30] At the times standby counsel was absent, unless the defendant had agreed, the court needed to proceed in the same way it would if court-appointed counsel were absent.  
See
 
State v. Poitra
, 1998 ND 88, ¶ 7, 578 N.W.2d 121 (a criminal defendant’s right to counsel is guaranteed by N.D. Const. art. I, § 12, and by the Sixth Amendment of the United States Constitution) (citing 
State v. Wicks
, 1998 ND 76, ¶ 16, 576 N.W.2d 518; 
State v. DuPaul
, 527 N.W.2d 238, 240 (N.D. 1995)); 
see also
 
United States v. Von Der Heide
, 169 F. Supp. 560, 567 (D.D.C. 1959) (trial cannot proceed without counsel unless privilege is waived).

[¶31] Because the defendant was misled by the court’s assurance he would have standby counsel to assist him, his waiver of representation was not knowing and voluntary.  I would reverse and remand for a new trial.

[¶32] Dale V. Sandstrom

FOOTNOTES
1:    
The dissent emphasizes that Rockwell’s standby counsel was absent at “critical stages of the proceedings” including when the jury sent out a question during deliberations and at sentencing.  However, Rockwell did not argue on appeal that his standby counsel’s absence during those particular instances denied him his alleged  “right to standby counsel.”  Further, the record reflects Rockwell did not request the presence of his standby counsel or renew his request for counsel at either stage.