1998 ND 88

**STATE of North Dakota, Plaintiff and Appellee,**

v.

**Linus R. POITRA, Defendant and Appellant.**

**Criminal No. 970285.**

Supreme Court of North Dakota.

April 28, 1998.

---

Patricia L. Burke (argued), State's Attorney, Bismarck, for plaintiff and appellee.

Chad R. McCabe (argued), of Vinje Law Firm, Bismarck, for defendant and appellant.

MESCHKE, Justice.

[¶ 1] Linus Poitra appealed a jury conviction finding him guilty of theft of property. We hold this record does not establish Poitra knowingly and intelligently waived his right to counsel, and we reverse and remand for a new trial.

[¶ 2] In February 1996, the State charged Poitra and Blaine Brunelle with theft of property for "knowingly obtain[ing] property valued in excess of $500.00 belonging to Northwest Industrial Supply by deception by falsely stating that they worked for Basic Concrete Company and charging said property to the account of Basic Concrete Company." The trial court appointed counsel to represent Poitra and scheduled a jury trial for December 1996. Poitra, through counsel, requested a continuance to locate Brunelle, who had pled guilty to the charge in May 1996, to testify on Poitra's behalf. The court continued the trial to July 1997.

[¶ 3] In June 1997, Poitra wrote the court he no longer wanted the services of his court-appointed counsel because he felt counsel was unqualified. Poitra wrote he would hire his own attorney. The court granted counsel's subsequent motion to withdraw, but indicated the trial would proceed as scheduled.

[¶ 4] At a pretrial conference on July 14, 1997, Poitra appeared without counsel and the following colloquy occurred:

THE COURT: Mr. Poitra, are you ready to proceed?

MR. POITRA: Yes.

THE COURT: We have set up this pretrial conference and, Mr. Poitra, you have caused this conference to be set up in the first place by the fact that your attorney was allowed to withdraw. That had to do with dissatisfaction on your part and you indicated that you would be hiring your own attorney. I see you are here without an attorney. Are you intending to represent yourself?

MR. POITRA: Yes, Your Honor, I am.

THE COURT: Now also today at this, well, let me back up. So you have decided not to hire an attorney?

MR. POITRA: I couldn't hire an attorney. I tried to make a loan from the tribe for the amount and I could not make my loan. So, I don't have no other alternative but to defend myself.

THE COURT: Okay. Now at this pretrial conference the Court would consider whether or not there would be any change of pleas and whether or not there are any agreements. Ms. Burke, on behalf of the State?

After Poitra rejected a plea offer from the State and discussed potential witnesses with the court, Poitra reaffirmed he would represent himself, and the court made no further comment or inquiry about his self-representation.

[¶ 5] At trial, the court noted Poitra was representing himself and again made no further inquiry about his self-representation. The jury found Poitra guilty of theft of property, and he appealed.

[¶ 6] Poitra asserts he was denied his right to counsel. He argues he was not warned of the dangers and disadvantages of proceeding without counsel, and his waiver of his right to counsel was not knowingly and intelligently made.

[¶ 7] A criminal defendant's right to counsel is guaranteed by N.D. Const. Art. I, § 12 and by the Sixth Amendment of the United States Constitution. *State v. Wicks*, 1998 ND 76, ¶ 16, 576 N.W.2d 518; *State v. DuPaul*, 527 N.W.2d 238, 240 (N.D.1995). *See Argersinger v. Hamlin*, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972); *Gideon v. Wainwright*, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963). In *Wicks*, 1998 ND 76, ¶ 17, 576 N.W.2d 518, we described our standard of review of a constitutional right as de novo, and we explained the denial of the right to counsel at trial requires reversal of a defendant's conviction because prejudice is presumed.

[¶ 8] A corollary to a defendant's right to counsel is a defendant's constitutional right to self-representation if the defendant knowingly and intelligently waives the right to counsel. *Faretta v. California*, 422 U.S. 806, 835, 95 S.Ct. 2525, 2541, 45 L.Ed.2d 562 (1975); *State v. Hart*, 1997 ND 188, ¶ 6, 569 N.W.2d 451. A knowing and intelligent waiver of the right to counsel depends on the facts and circumstances and requires the defendant to be made aware of the dangers and disadvantages of self-representation so the record establishes the defendant knows what he is doing and his choice is made with eyes open. *State v. Harmon*, 1997 ND 233, ¶ 22, 575 N.W.2d 635. In *Wicks*, 1998 ND 76, ¶ 18, 576 N.W.2d 518, we explained the trial court must establish on the record the defendant knew what he was doing and his waiver of the right to counsel was made with his eyes open.

[¶ 9] We recently considered the need for a knowing and intelligent waiver of the right to counsel in *Harmon* and *Wicks*. In *Harmon*, the defendant claimed he had a conflict of interest and irreconcilable differences on trial strategy with his court-appointed counsel. The court initially denied Harmon's request to appoint substitute counsel. Harmon repeatedly requested appointment of substitute counsel, and the court finally relieved appointed counsel of actively representing him, but required that counsel to appear in a standby role. At trial Harmon initially represented himself, but subsequently allowed standby counsel to participate.

[¶ 10] On appeal, Harmon argued he did not waive his right to counsel, because the trial court failed to advise him of the dangers and disadvantages of proceeding pro se and the record did not include an unequivocal statement of his desire to proceed pro se. We concluded the lack of a specific on-the-record determination that Harmon waived his right to court-appointed counsel was not dispositive, because a defendant's conduct could be the functional equivalent of a waiver of the right to counsel. *Harmon*, 1997 ND 233, ¶ 21, 575 N.W.2d 635. We ruled Harmon's refusal of the services of appointed counsel and continued request for substitute counsel was the functional equivalent of a waiver of the right to counsel and was knowing and intelligent, because the trial court provided standby counsel and Harmon was aware of the dangers and disadvantages of

self-representation. *Harmon,* 1997 ND 233, ¶¶ 21–23, 575 N.W.2d 635. Under *Harmon,* 1997 ND 233, ¶ 23, n. 1, 575 N.W.2d 635, a specific colloquy about the dangers and disadvantages of self-representation is not required, but trial courts should eliminate any ambiguity about functional waivers by making a specific on-the-record determination that the defendant unequivocally, knowingly, and intelligently waived the right to counsel.

[¶ 11] In *Wicks,* the defendant filed a disciplinary complaint against her court-appointed counsel, and counsel moved to withdraw on the day of trial. The State objected to any delay in trial, and Wicks indicated she would like to proceed with her court-appointed counsel. The trial court allowed counsel to withdraw and required Wicks to represent herself.

[¶ 12] On appeal, Wicks argued she was denied her right to counsel. We concluded she did not knowingly and intelligently waive her right to counsel by filing a disciplinary complaint against her attorney and unwittingly creating a conflict of interest with the attorney. *Wicks,* 1998 ND 76, ¶¶ 18–20, 576 N.W.2d 518. We explained in *Wicks,* 1998 ND 76, ¶¶ 23–29, 576 N.W.2d 518, the defendant's conflict with her attorney was not irreparable, and the trial court should have explored other options rather than allowing court-appointed counsel to withdraw and forcing her to represent herself.

[¶ 13] Here, the trial court permitted Poitra's court-appointed counsel to withdraw based on Poitra's dissatisfaction with counsel and desire to hire his own attorney. Poitra thereafter informed the court he could not obtain a loan to hire an attorney and he had "no other alternative but to defend myself." After hearing Poitra's explanation, the trial court made no further inquiry about Poitra's self-representation and did not specifically inform him of the dangers and disadvantages of self-representation. Poitra had previous contacts with the criminal justice system, but his statement he had no other alternative but to defend himself demonstrates a misunderstanding about his options and does not establish his awareness of the dangers and disadvantages of self-representation. Although an indigent defendant is not entitled to appointed counsel of his choice, *State v. Foster,* 1997 ND 8, ¶ 14, 560 N.W.2d 194, this record does not establish the trial court considered other options for representation of Poitra. *See Wicks,* 1998 ND 76, ¶ 28, 576 N.W.2d 518. There is no indication Poitra's actions were intended primarily to delay the trial. On this record, we decline to equate Poitra's request for removal of court-appointed counsel and his later inability to hire counsel to the functional equivalent of a knowing and intelligent waiver of the right to counsel. We therefore hold Poitra did not knowingly and intelligently waive his right to counsel.

[¶ 14] Because of our disposition on the right to counsel, we do not address other issues raised by Poitra that are not likely to arise on remand. We reverse and remand for a new trial.

[¶ 15] VANDE WALLE, C.J., and MARING, NEUMANN and SANDSTROM, JJ., concur.

SANDSTROM, Justice, concurring.

[¶ 16] I concur in the majority opinion. I write separately, however, to provide some guidance to trial courts faced with implementing this decision and the decisions in *State v. Wicks,* 1998 ND 76, 576 N.W.2d 518, and *State v. Harmon,* 1997 ND 233, 575 N.W.2d 635.

[¶ 17] The majority correctly holds the record does not evidence a knowing and intelligent waiver of the right to counsel at the point Poitra explained he had "no other alternative but to defend myself." The right to counsel and the right to self-representation, however, are mutually exclusive, and the right to self-representation must be unequivocally invoked. *Reese v. Nix,* 942 F.2d 1276, 1280 (8th Cir.1991). If a defendant does not request self-representation, or if the request is equivocal, a trial court does not err by not allowing a defendant to represent him or herself, and the trial court need not undertake a *Faretta* inquiry to determine whether the waiver is knowing and intelligent. *See Hendricks v. Zenon,* 993 F.2d 664, 669 (9th Cir.1993); *Reese,* at 1280; *Bowden v. State,* 588 So.2d 225, 229 (Fla.1991).

[¶ 18] Thus, when Poitra's appointed counsel sought to withdraw because Poitra intended to hire a different attorney, the trial court should have denied the request until Poitra informed the trial court new counsel had in fact been obtained. By this approach, were Poitra unsuccessful—as hindsight shows he was—he would still have his constitutionally guaranteed right to counsel in place. In addition, because Poitra was asking for a different attorney and not asking to represent himself, the trial court would not have had to worry about Poitra successfully claiming denial of the right to self-representation. The decision in *Harmon* should not be read as eliminating the need for a defendant to unequivocally request self-representation and for the trial court to determine whether a defendant's unequivocal request is knowing and intelligent. Rather, *Harmon's* recognition of a "functional" waiver should be limited to situations where a defendant refuses to choose between the right to counsel and the right to self-representation. *Cf. Wicks,* at ¶ 20–22 (explaining Wicks, unlike Harmon, was willing to go to trial with her current attorney).

[¶ 19] I concur in the opinion of the Court.

[¶ 20] VANDE WALLE, C.J., and NEUMANN, J., concur.