# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2022 ND 101

State of North Dakota,                                    Plaintiff and Appellee

 v.

Dean Allen Benter,                                    Defendant and Appellant

## No. 20210199

Appeal from the District Court of Barnes County, Southeast Judicial District, the Honorable Jay A. Schmitz, Judge.

AFFIRMED.

Opinion of the Court by VandeWalle, Justice.

Tonya Duffy, State's Attorney, Valley City, ND, for plaintiff and appellee; submitted on brief.

Benjamin C. Pulkrabek, Mandan, ND, for defendant and appellant.

**VandeWalle, Justice.**

[¶1]   Dean Benter appealed from a criminal judgment entered after a jury found him guilty of six counts of possession of certain materials prohibited. Benter argues he did not knowingly, intelligently, and voluntarily waive his right to counsel and he contends the district court failed to question him during trial to determine whether or not he was competent to present his own defense. We affirm the judgment.

I

[¶2]   In August 2020, Dean Benter was charged with six counts of possession of certain materials prohibited, in violation of N.D.C.C. § 12.1-27.2-04.1.

[¶3]   Following his initial appearance and bond hearing, Benter applied for court appointed counsel and was assigned counsel. Benter's first attorney requested the case be reassigned and the request was granted. Benter stated to the district court that he never met her but that she withdrew because he raised his voice to the clerk of court.

[¶4]   In October 2020, Benter's second court appointed attorney filed a motion to withdraw. A hearing was held. During the hearing Benter's attorney explained that he attempted to contact Benter twice by mail. One letter was returned with indications that delivery had been attempted but refused and the letter could not be forwarded. The attorney indicated that Benter sent him a letter which began with "Mr. Incompetent" and four pages of issues. The district court judge informed Benter that "[t]he duty to represent you zealously does not include the duty to do whatever you want them to do." The judge explained to Benter that "[i]f you cannot work with this [new] attorney, I will interpret that as an implied waiver of your right to counsel." The court granted the motion to withdraw and new counsel was appointed.

[¶5]   In December 2021, Benter's third court appointed attorney filed a motion to withdraw based upon a fundamental breakdown in the attorney-client

relationship. A hearing was held. At the hearing, Benter indicated that he had motions that he wanted filed but that his attorney refused to do anything. Benter's attorney explained the motions were not warranted under existing law and facts and he did not believe it would be ethically permissible to file such motions. The district court judge explained to Benter that if he kept not getting along with his attorneys, then eventually the law is he doesn't want one and that the court has provided three lawyers to him. Benter indicated that he knows the law. Ultimately the court granted the motion to withdraw and ordered new counsel be appointed.

[¶6]   In February 2021, Benter's fourth court appointed attorney requested to withdraw due to a conflict unrelated to the attorney-client relationship. That same day Benter was appointed his fifth attorney. In April 2021, Benter's fifth attorney filed a motion to withdraw based upon the deterioration of the attorney-client relationship. Benter filed a response to the motion to withdraw. A hearing was held in May 2021. Benter's attorney explained that conflict arose when he would not do what Benter wanted. The district court asked Benter whether he wanted his current attorney to represent him and Benter replied, "In my opinion, Butts is a butthead." The judge asked, "Do you want to argue that case to [the jury] by yourself or do you want an attorney?" Benter replied, "If I have to I will. Like I said, I'll do what I have to do." The court was going to have the attorney serve as stand-by counsel until it was informed that Benter had filed a complaint against him. The court found that Benter knowingly and voluntarily waived his right to counsel by his behavior and conduct with his previous attorneys. The court reasoned that Benter was fully advised at his previous hearing that one more attorney would be appointed and that he needed to find a way to listen to his attorney's advice. The court granted the motion to withdraw and ordered the Commission not to assign new counsel.

[¶7]   Benter represented himself at trial. The jury found him guilty of six counts of possession of certain materials prohibited. Following a sentencing hearing, a criminal judgment on all counts was entered.

[¶8] Benter argues he did not knowingly, intelligently, and voluntarily waive his right to counsel.

[¶9] Both the North Dakota Constitution and the Sixth Amendment of the United States Constitution mandate the right to counsel in criminal cases. *See* N.D. Const. art. I, § 12; U.S. Const. amend. VI. The standard of review on an alleged denial of the constitutional right to counsel is de novo. *City of Fargo v. Rockwell*, 1999 ND 125, ¶ 7, 597 N.W.2d 406 (citation omitted). The right to appointed counsel is a limited, rather than an absolute, right. *State v. Yost*, 2014 ND 209, ¶ 10, 855 N.W.2d 829. The district court does not have a duty to "continually seek new counsel for a capricious and difficult defendant." *Id.* (quoting *State v. Harmon*, 1997 ND 233, ¶ 12, 575 N.W.2d 635).

[¶10] To determine whether a defendant's right to counsel has been violated, this Court has developed a two-step inquiry: (1) whether the defendant's waiver was voluntary; and (2) whether the defendant's waiver was knowing and intelligent. *State v. Dvorak*, 2000 ND 6, ¶ 12, 604 N.W.2d 445.

[¶11] A defendant may indicate a voluntary desire for self-representation with an unequivocal statement or with conduct that is the functional equivalent of such a statement. *See State v. Holbach*, 2007 ND 114, ¶ 10, 735 N.W.2d 862; *Harmon*, 1997 ND 233, ¶¶ 15-21. "A knowing and intelligent waiver of the right to counsel depends on the facts and circumstances and requires the defendant to be made aware of the dangers and disadvantages of self-representation so the record establishes the defendant knows what he is doing and his choice is made with eyes open." *State v. Poitra*, 1998 ND 88, ¶ 8, 578 N.W.2d 121. "[A] specific colloquy about the dangers and disadvantages of self-representation is not required, but trial courts should eliminate any ambiguity about functional waivers by making a specific on-the-record determination that the defendant unequivocally, knowingly, and intelligently waived the right to counsel." *Id.* at ¶ 10.

[¶12] Here, the district court found Benter's behavior and conduct constituted the functional equivalent of a voluntary waiver of counsel. Benter was warned

after his second attorney withdrew that "[t]he duty to represent you zealously does not include the duty to do whatever you want them to do." The district court judge stated to Benter that "[i]f you cannot work with this [new] attorney, I will interpret that as an implied waiver of your right to counsel." When his third attorney withdrew the court explained to him that "[y]ou keep not getting along with your attorneys, eventually the law is you don't want an attorney. And every time somebody does something you don't like, you threaten to sue them." When Benter's last attorney withdrew, the court noted that new counsel would likely be faced with the same issues. The court asked Benter whether he wanted to argue the case to the jury by himself or whether he wanted an attorney. Benter responded "[i]f I have to I will. Like I said, I'll do what I have to do." The court then explained to Benter the trial procedure of what the jury would be tasked with. The court found Benter knowingly, intelligently, and voluntarily waived his right to counsel.

[¶13] Based on the record, the district court did not err in finding Benter's conduct constituted the functional equivalent of a voluntary waiver of counsel and the warnings the court provided ensured Benter knew what he was doing and that his choice was made with eyes open. The district court did not err in finding that Benter knowingly, intelligently, and voluntarily waived his right to counsel.

III

[¶14] Relying on *State v. Dahl*, 2009 ND 204, 776 N.W.2d 37, Benter asserts the trial judge failed to question him during trial to determine whether or not he was competent to present his own defense.

[¶15] In *Dahl*, this Court discussed a district court's responsibility for assessing a defendant's mental capacity to continue to be self-represented. *Dahl*, 2009 ND 204, ¶¶ 24-26. We explained there may be circumstances where a defendant is competent to stand trial but may "be unable to carry out the basic tasks needed to present his own defense without the help of counsel." *Id.* at ¶ 24. To allow an individual to proceed without counsel under those circumstances could result in an unfair trial. *Id.* To ensure a defendant is provided a fair trial, a district court can appoint counsel during trial if the court

4

determined the defendant is no longer competent to present his or her own defense. *Id.* at ¶ 26. However, "[d]istrict courts that can ask questions and observe the behavior of individual defendants are in a better position than appellate courts to determine whether a defendant who is competent to stand trial is competent to conduct his or her own defense." *Id.* at ¶ 25.

[¶16] Before trial, the district court noted that there had not been a request made for a criminal responsibility or competency exam. The court stated that it had not seen any evidence that either one of those were at issue. Benter points to various parts of the trial transcript to argue he did not have sufficient knowledge or intelligence to represent himself. Here, as in *Dahl*, Benter did not display symptoms of mental illness such that the district court should have determined he was incompetent to represent himself. *Dahl*, 2009 ND 204, ¶ 27. The district court observed Benter's behavior and his demeanor at trial and was in a better position to determine whether he was competent to conduct his own defense. The record, when reviewed as whole, did not raise sufficient doubt about his competency. We conclude the district court did not err in determining Benter was competent to present his own defense.

IV

[¶17] We affirm the judgment.

[¶18] Jon J. Jensen, C.J.
Gerald W. VandeWalle
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte