# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

2025 ND 30

State of North Dakota,

Plaintiff and Appellee

v.

Andrew Steven Janachovsky,

Defendant and Appellant

No. 20240198

Appeal from the District Court of Ward County, North Central Judicial District, the Honorable Richard L. Hagar, Judge.

AFFIRMED.

Opinion of the Court by Jensen, Chief Justice.

Dillon A. Dyer, Assistant State's Attorney, Minot, ND, for plaintiff and appellee.

Samuel A. Gereszek, Grand Forks, ND, for defendant and appellant.

**Jensen, Chief Justice.**

[¶1]   Andrew Janachovsky appealed from a criminal judgment entered after a jury found him guilty of the unauthorized use of personal identifying information. Janachovsky argues he did not knowingly, intelligently, and voluntarily waive his right to counsel. We affirm the judgment.

I

[¶2]   In November 2023, Janachovsky was charged with the unauthorized use of personal identifying information, in violation of N.D.C.C. § 12.1-23-11(3). Janachovsky, along with other individuals, appeared at an initial appearance hearing session. At the beginning of the hearing, the district court collectively advised the individuals making their initial appearance of the rights afforded to them. Janachovsky also executed a rights acknowledgment. The written rights acknowledgment, specifically items 4, 5, and 6, defined rights to counsel:

> 4. I have the RIGHT to the assistance of a lawyer before making any statement or answering any questions.
> 5. I have the RIGHT to the assistance of a lawyer at each and every stage of these proceedings.
> 6. I have the RIGHT to have a lawyer appointed for me at public expense if I am indigent.

[¶3]   Janachovsky's case was called, and the district court asked if he was representing himself. Janachovsky responded in the affirmative. The court asked Janachovsky if he was present when the court read his rights and whether he understood those rights, and Janachovsky answered that he heard his rights and understood them. The court then asked Janachovsky if he had read, signed, and understood the rights listed in the rights advisement. Again, Janachovsky said yes. Finally, the court asked, "Do you have any questions about what your rights are?" Janachovsky responded, "Nope." The court advised Janachovsky of the charge and the maximum penalty associated with the charge, which Janachovsky stated he understood. Janachovsky pleaded not guilty. The court instructed

Janachovsky to maintain regular contact with his attorney should he retain one or have one appointed.

[¶4] At the pretrial conference, Janachovsky again indicated he was representing himself and that he wanted the case set for trial. At no time during the pretrial conference did Janachovsky assert his right to counsel or otherwise notify the district court that he intended to retain counsel.

[¶5] At a status conference, Janachovsky appeared representing himself. The district court inquired if Janachovsky intended to proceed pro se at trial, to which Janachovsky responded, "Yes." The court pointed out that Janachovsky had not filed jury instructions, exhibits list, and witness lists, and would need to do so by the following Monday. The court then asked, "finally, keep in mind that although you are not a licensed attorney, you are still held to the same standard as someone who is a practicing licensed attorney when it comes to selecting a jury, rules of evidence, making objections, offering evidence, making argument, that sort of thing. Okay?" Janachovsky responded by saying, "All right." The court then told Janachovsky when he would need to appear and asked if he had any questions, to which he indicated he had no questions. Janachovsky appeared pro se at trial.

II

[¶6] Janachovsky argues the district court did not properly advise him of his right to counsel, and he did not voluntarily, knowingly, and intelligently waive his right to counsel. "We review claims that a defendant's constitutional rights were violated de novo." *State v. Torkelsen*, 2008 ND 141, ¶ 41, 752 N.W.2d 640. A criminal defendant is guaranteed the right to counsel under the Sixth Amendment of the United States Constitution, and article I, section 12 of the North Dakota Constitution. *Id*. A defendant also has a corollary, implied right to self-representation under the Sixth Amendment. *Id*.; *Faretta v. California*, 422 U.S. 806, 819 (1975). Criminal defendants who proceed pro se must voluntarily, knowingly, and intelligently relinquish the benefits of counsel. *State v. Dvorak*, 2000 ND 6, ¶ 10, 604 N.W.2d 445. In order to competently and intelligently choose self-representation, defendants need not have the skill and experience of

2

counsel but should be aware of the dangers and disadvantages of appearing pro se, so the record establishes the choice is made "with eyes open." *Id*. To ensure the defendant's eyes were open when choosing self-representation, we have applied a two-part test to analyze the defendant's waiver of the right to counsel: (1) whether the waiver was voluntary, and (2) whether the waiver was knowing and intelligent. *Id*. ¶ 12.

A

[¶7]   Under the first part of the test for waiver of the right to counsel, we have recognized a defendant need not make unequivocal statements indicating a voluntary desire to proceed pro se; rather, the defendant's conduct may be the functional equivalent of a voluntary waiver of the right to counsel. *State v. Harmon*, 1997 ND 233, ¶¶ 15, 21, 575 N.W.2d 635. Here, the district court questioned Janachovsky if he understood the charges and possible punishments. The court advised Janachovsky of his constitutional rights to which Janachovsky unequivocally said he understood. The court made Janachovsky aware of the dangers and disadvantages of self-representation. There is nothing in the record of Janachovsky trying to retain private counsel or have one appointed; instead, the record reflects that at every stage in this proceeding, Janachovsky voluntarily represented himself and advised the court of his intentions to continue to do so. We conclude Janachovsky's behavior and conduct constituted the functional equivalent of a voluntary waiver of counsel.

B

[¶8]   Having concluded the district court adequately advised Janachovsky, we now consider if Janachovsky validly waived his right to counsel. In order to represent themselves, criminal defendants must voluntarily, knowingly, and intelligently waive the right to counsel. *Dvorak*, 2000 ND 6, ¶ 11. "[T]he law ordinarily considers a waiver knowing, intelligent, and sufficiently aware if the defendant fully understands the nature of the right and how it would likely apply *in general* in the circumstances—even though the defendant may not know the *specific detailed* consequences of invoking it." *State v. Jones*, 2011 ND 234, ¶ 20, 817 N.W.2d 313 (quoting *Iowa v. Tovar*, 541 U.S. 77, 92 (2004)). For a defendant to knowingly and intelligently waive the right to counsel and opt to proceed pro

3

se, the defendant must be aware of the dangers and disadvantages of self-representation so the record establishes the defendant knows the choice is made with eyes open. *Dvorak*, ¶ 16.

[¶9]   The trial judge does not have to engage in a "specific colloquy about the dangers and disadvantages of self-representation," but it must be clear from the record "that the defendant knew what he was doing." *City of Fargo v. Rockwell,* 1999 ND 125, ¶ 15, 597 N.W.2d 406 (citation omitted). The record shows the district court advised Janachovsky before trial of the dangers and disadvantages of self-representation and that Janachovsky told the court he was ready to proceed with the trial. As in *State v. Schneeweiss,* 2001 ND 120, ¶ 31, 630 N.W.2d 482, the district court informed Janachovsky that he would be held to the same standard as someone who is a practicing licensed attorney when it comes to selecting a jury, rules of evidence, making objections, offering evidence, and making argument. When asked whether he would be able to do that, Janachovsky stated, "All right." We conclude Janachovsky knowingly and intelligently waived his right to counsel when he decided to represent himself.

III

[¶10] We hold that Janachovsky was not denied his right to counsel and that he voluntarily, knowingly, and intelligently waived his right to counsel. We affirm the judgment of conviction.

[¶11]  Jon J. Jensen, C.J.
       Daniel J. Crothers
       Lisa Fair McEvers
       Jerod E. Tufte
       Douglas A. Bahr