# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2025 ND 182

State of North Dakota,                                    Plaintiff and Appellee

v.

Zachery A. Wilson,                                       Defendant and Appellant

## No. 20250169

Appeal from the District Court of Morton County, South Central Judicial District, the Honorable David E. Reich, Judge.

AFFIRMED.

Opinion of the Court by Bahr, Justice.

Joshua D. Breeze, Assistant State's Attorney, Mandan, ND, for plaintiff and appellee; on brief.

Samuel A. Gereszek, Grand Forks, ND, for defendant and appellant; on brief.

**Bahr, Justice.**

[¶1]   Zachery Wilson appeals from the district court's amended criminal judgment revoking his probation and resentencing him. On appeal, Wilson argues he did not knowingly and intelligently waive his right to counsel. We affirm.

I

[¶2]   In October 2022, Wilson pled guilty to aggravated assault, a class C felony; terrorizing, a class C felony; felonious restraint, a class C felony; child neglect, a class C felony; and domestic violence, a class A misdemeanor. The district court sentenced Wilson to serve time in jail and placed him on probation for two years. Wilson's probation required him to abstain from drugs and alcohol and not to violate any criminal laws or ordinances.

[¶3]   In February 2025, the State filed a petition to revoke Wilson's probation. The petition alleged three violations: (1) Wilson failed to abstain from the use of controlled substances; (2) Wilson was charged with burglary, two counts of theft, and criminal mischief; and (3) Wilson failed to remain law abiding and pled guilty to providing false information to law enforcement, unlawful possession of drug paraphernalia, and simple assault.

[¶4]   The district court held a probation revocation hearing on March 19, 2025. At the hearing, Wilson acknowledged he was advised of his rights at a previous bond hearing. The court then stated, "Okay. You were advised of your rights. You were told you had a right to an attorney in this case. If you cannot afford an attorney, you could ask the Court to appoint one for you." After noting there was no application for counsel on file, the court asked, "Are you waiving your right to an attorney today?" Wilson informed the court he applied for counsel but never heard back. The court responded, "Okay. I don't see an application in the file. Do you want to have an attorney represent you in this matter? If you [do], we can give you an application, and we can reset this[.]" Then the following colloquy occurred:

MR. WILSON: I mean, I've sat here for three weeks while I applied for an attorney. I think we might as well just carry on with it.

THE COURT: Okay. Well, Mr. Breeze maybe before we proceed, if he would admit the allegations of the petition, what would the State be recommending for his sentence?

MR. BREEZE: Your Honor, I would be looking for consecutive time on each count in these cases. I'm going to ask for it to be five years straight time. Consecutive time on each count . . . .

THE COURT: Okay.

MR. BREEZE: So if the court was to give an opportunity for counsel, I think that'd be appropriate based on what the State would be recommending.

THE COURT: Yeah. It looks like the State's going to recommend considerable time. You indicated you fill[ed] out an application. I don't see that in the file, so we're going to set this for a later date. You'll get another application. I'll ask the detention center to give you another application. Pardon me?

MR. WILSON: I filled out an application, and honestly, let's just let's proceed as is.

THE COURT: Do you want to proceed without counsel?

MR. WILSON: Yes, sir.

THE COURT: Okay. Well, I would—and that's your choice. You understand you have the right to an attorney in this matter?

MR. WILSON: Yeah.

THE COURT: Okay. And I would continue this to a later date—allow you to fill out an application. The State's recommending a considerable amount of jail time, so you might want to have an attorney for this proceeding.

MR. WILSON: That's fine. I would rather carry on with it.

THE COURT: Okay. As long as I know that you understand your right to counsel and that you're freely and voluntarily waiving your right to an attorney today; is that correct?

MR. WILSON: That is correct.

[¶5]   The district court proceeded with the revocation hearing. During the hearing, the State withdrew allegation two, and Wilson admitted to allegations one and three. Based on his admissions, the court found Wilson violated the terms of his probation as set out in allegations one and three. The court resentenced Wilson to five years on all four counts, with credit for time served. The court ordered the aggravated assault and terrorizing sentences to run concurrently and the felonious restraint and child neglect sentences to run concurrently, but the aggravated assault and terrorizing sentences to run consecutively to the felonious restraint and child neglect sentences.

II

[¶6]   Wilson argues his "constitutional right to counsel was violated." Citing *State v. Wicks*, 1998 ND 76, ¶ 17, 576 N.W.2d 518, Wilson asserts the denial of his "constitutional right to counsel requires reversal because prejudice is presumed." The State responds that "[t]he right to counsel of a *probationer* does not arise from a constitutional provision but rather from North Dakota Rule of Criminal Procedure 32(f)(3)(A)(iii)." It then argues the district court did not violate Wilson's right to counsel because Wilson made a voluntary, knowing, and intelligent waiver of his right to counsel.

A

[¶7]   Wilson did not have a constitutional right to counsel at the probation revocation hearing. Wilson's right to counsel at the revocation hearing is based on N.D.R.Crim.P. 32(f)(3)(A)(iii), not the Sixth Amendment. *State v. Jensen*, 2010 ND 3, ¶ 8, 777 N.W.2d 847; *see also State v. Holbach*, 2007 ND 114, ¶ 6, 735 N.W.2d 862 (disagreeing with the assumption a probationer's right to counsel is based on the Sixth Amendment). Because of the "statutory origin of a probationer's right to counsel at a revocation hearing, '[t]he full panoply of rights due a

defendant in a criminal proceeding does not apply.'" *Jensen*, ¶ 8 (quoting *State v. Olson*, 2003 ND 23, ¶ 14, 656 N.W.2d 650). "This distinction exists because probation revocation 'is not a stage of a criminal prosecution.'" *Id.* (quoting *Gagnon v. Scarpelli*, 411 U.S. 778, 782 (1973)).

[¶8]   At a revocation hearing, the probationer has a right under N.D.R.Crim.P. 32(f)(3)(A)(iii) to representation by retained or appointed counsel unless waived. *Jensen*, 2010 ND 3, ¶ 9. Before accepting a probationer's waiver of the right to counsel, the district court should engage in a two-step, fact-specific inquiry to determine whether the waiver is voluntary and whether the waiver is made knowingly and intelligently. *Id.* In *Jensen*, citing precedent, we stated a district court should make a specific on-the-record decision the probationer voluntarily, knowingly, and intelligently waived the right to counsel. *Id.* We then explained we apply a clearly erroneous standard when reviewing a court's finding a probationer voluntarily, knowingly, and intelligently waived the right to counsel. *Id.* ¶ 10. "Under this standard, the district court's finding will be upheld unless 'it is induced by an erroneous view of the law, [] it is not supported by any evidence, or if, although there is some evidence to support the finding, a reviewing court is left with a definite and firm conviction a mistake has been made.'" *Id*. (quoting *Heckelsmiller v. State,* 2004 ND 191, ¶ 5, 687 N.W.2d 454).

B

[¶9]   Wilson contends he did not knowingly and intelligently waive his right to counsel. Specifically, Wilson argues he was entitled to admonitions regarding self-representation and the district court failed to properly advise him of the pitfalls, dangers, and disadvantages of proceeding without an attorney.

[¶10] Both Wilson and the State base their arguments under the Sixth Amendment "voluntary, knowing, and intelligent waiver" framework. Neither party argued what the appropriate framework is under N.D.R.Crim.P. 32(f)(3)(A)(iii). Because that issue has not been briefed or argued, we address whether Wilson knowingly and intelligently waived his right to counsel under the standard articulated for waiving the Sixth Amendment right to counsel. *See Holbach*, 2007 ND 114, ¶ 7 (addressing probationer's waiver of right to counsel

4

by assuming, without deciding, a probationer's waiver of right to counsel is subject to the standard for waiving the Sixth Amendment right to counsel); *see also Garaas as Co-Trs. of Barbara Susan Garaas Fam. Tr. v. Cont'l Res., Inc.*, 2025 ND 146, ¶ 32, 25 N.W.3d 505 (declining "to interpret the meaning of 'dispute of title' as used in N.D.C.C. § 47-16-39.1 without the benefit of adversarial briefing"); *Overbo v. Overbo*, 2024 ND 233, ¶ 10, 14 N.W.3d 898 ("We do not have the benefit of adversarial briefing because the parties did not present the issue."); *State v. Runck*, 418 N.W.2d 262, 265 n.4 (N.D. 1987) (declining to consider constitutional issue without the benefit of adversarial briefing).

C

[¶11] "[T]he law ordinarily considers a waiver knowing, intelligent, and sufficiently aware if the defendant fully understands the nature of the right and how it would likely apply *in general* in the circumstances—even though the defendant may not know the *specific detailed* consequences of invoking it." *State v. Janachovsky*, 2025 ND 30, ¶ 8, 17 N.W.3d 531. This inquiry involves a fact-specific determination. *Jensen*, 2010 ND 3, ¶ 17. "For a defendant to knowingly and intelligently waive the right to counsel and opt to proceed pro se, the defendant must be aware of the dangers and disadvantages of self-representation so the record establishes the defendant knows the choice is made with eyes open." *Janachovsky*, ¶ 8. "The trial judge does not have to engage in a 'specific colloquy about the dangers and disadvantages of self-representation,' but it must be clear from the record 'that the defendant knew what he was doing.'" *Id.* ¶ 9 (quoting *City of Fargo v. Rockwell*, 1999 ND 125, ¶ 15, 597 N.W.2d 406).

[¶12] The dangers and disadvantages of self-representation vary depending on the nature of the proceeding. Probation revocation is not a stage of a criminal prosecution. *State v. Olson*, 2003 ND 23, ¶ 14, 656 N.W.2d 650. "Consequently, a probationer facing revocation has limited rights." *State v. Wardner*, 2006 ND 256, ¶ 18, 725 N.W.2d 215; *see also Olson*, ¶ 14 ("The full panoply of rights due a defendant in a criminal proceeding does not apply to a probation revocation hearing.").

5

The minimum rights afforded to a probationer include:

> written notice of the claimed violations of his probation; disclosure of the evidence against him; an opportunity to be heard in person and to present witnesses and documentary evidence; a neutral hearing body; and a written statement by the factfinder as to the evidence relied on and the reasons for revoking probation.

*State v. Hemmes*, 2007 ND 161, ¶ 9, 740 N.W.2d 81 (quoting *Wardner*, ¶ 18); *see also* N.D.R.Crim.P. 32(f)(3). When revocation is contested, the State need only prove a probation violation by a preponderance of the evidence. N.D.R.Crim.P. 32(f)(3)(B).

[¶13] A probation revocation hearing is before a judge, not a jury. Also, the Rules of Evidence do not apply in probation revocation proceedings. N.D.R.Ev. 1101(d)(3)(E); *State v. Enriquez*, 2024 ND 164, ¶ 8, 10 N.W.3d 777. Thus, in a revocation proceeding, the probationer does not need to be informed that he will "be held to the same standard as someone who is a practicing licensed attorney when it comes to selecting a jury, rules of evidence, making objections, offering evidence, and making argument." *Janachovsky*, 2025 ND 30, ¶ 9; *see also City of Grand Forks v. Corman*, 2009 ND 125, ¶ 15, 767 N.W.2d 847 (concluding Corman "knew what he was doing" when "the district court informed Corman that he would have to be familiar with the Rules of Criminal Procedure and Rules of Evidence and that the court would not be able to assist him with that"); *State v. Schneeweiss*, 2001 ND 120, ¶¶ 31-32, 630 N.W.2d 482 (concluding Schneeweiss knowingly and intelligently waived his right to counsel when the district court admonished him that if he chose to represent himself, it would hold him to the North Dakota Rules of Criminal Procedure and Rules of Evidence and all rules applicable to jury selection). Moreover, when a probationer admits the allegations, like Wilson did, the probationer does not need to examine or cross-examine witnesses. When a probationer is considering admitting the allegations, very important information for the probationer is likely the potential consequences of admitting the allegations.

[¶14] Here, the district court confirmed Wilson had been advised of his rights and told him he had the right to be represented by counsel and that counsel could be appointed to represent him. The court told Wilson it would get him an application and reset the hearing if Wilson wanted counsel. In response to Wilson's statement he wanted to carry on with the hearing, the court asked what the State would be recommending. After hearing the State was "going to recommend considerable time," the court stated it was going to set the hearing for a later date and get Wilson an application. Wilson stated and confirmed he wanted to proceed without counsel. The court confirmed it would continue the hearing to a later date so Wilson could fill out an application, and stressed the State is "recommending a considerable amount of jail time, so you might want to have an attorney for this proceeding." "That's fine. I would rather carry on with it," was Wilson's response. In response to the court's question, Wilson again confirmed he understood his right to counsel and was freely and voluntarily waiving that right.

[¶15] Wilson does not state what additional information was necessary for his waiver to be knowing and intelligent. Rather, parroting the waiver standard, he asserts the district court never advised him of the dangers and disadvantages of proceeding without an attorney. Wilson does not address that he does not have a "constitutional right to counsel" at a probation revocation proceeding. He also ignores the material differences between a revocation hearing and a jury trial. At his revocation hearing, there was no voir dire, no cross-examination, no introduction of exhibits, and the Rules of Evidence did not apply.

[¶16] The record demonstrates Wilson "knew what he was doing and his waiver of the right to counsel was made with his eyes open." *State v. Poitra*, 1998 ND 88, ¶ 8, 578 N.W.2d 121. The district court repeatedly informed Wilson of his right to be represented by counsel and that counsel could be appointed to represent him. The court repeatedly informed Wilson it would continue the hearing so Wilson could apply for counsel. The court also made sure Wilson understood the potential consequences if he proceeded without counsel and admitted the allegations or the State proved them.

[¶17] The district court provided Wilson sufficient information for Wilson to knowingly and intelligently decide whether to waive his right to counsel. The court's finding Wilson knowingly and intelligently waived his right to counsel is not clearly erroneous.

### III

[¶18] We affirm the district court's amended criminal judgment revoking Wilson's probation and resentencing him.

[¶19] Jon J. Jensen, C.J.
    Daniel J. Crothers
    Lisa Fair McEvers
    Jerod E. Tufte
    Douglas A. Bahr