# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2025 ND 215

State of North Dakota,

Plaintiff and Appellee

v.

Kevin Michael Hoff,

Defendant and Appellant

## No. 20240354

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable Lindsey R. Nieuwsma, Judge.

REVERSED AND REMANDED.

Opinion of the Court by Crothers, Justice, in which Chief Justice Jensen and Justices Tufte and Bahr joined. Justice McEvers filed a concurring specially opinion.

Daniel J. Vondrachek II, Assistant State's Attorney, Bismarck, ND, for plaintiff and appellee.

David Ogren, Grand Forks, ND, for defendant and appellant.

**Crothers, Justice.**

[¶1] Kevin Hoff appeals from a district court's judgment after a jury found him guilty of simple assault under N.D.C.C. § 12.1-17-01(1)(a). We reverse and remand for a new trial.

[¶2] Hoff claims the district court violated his Sixth Amendment right to counsel by requiring him to represent himself at trial. Hoff argues he did not waive his right to counsel, asked for appointed counsel, and the district court did not properly address whether his conduct constituted a functional equivalent to a voluntary waiver of his right to counsel.

I

[¶3] Hoff was charged with simple assault for an April 2022 incident. Hoff was assigned John Klein as counsel in September 2023. Klein was substituted by James Loraas in January 2024, because Klein no longer worked at the public defender's office. In July 2024, Loraas moved to withdraw because of a breakdown in the attorney-client relationship. Loraas was allowed to withdraw and Hoff was granted a continuance. Grant Walker was assigned as counsel in July 2024. In August 2024, Walker moved to withdraw due to a claimed conflict of interest. Hoff did not appear at the September 5, 2024 hearing on Walker's motion, which was granted. Hoff was served a copy of the withdrawal order.

[¶4] On September 6, 2024, Steve Balaban was assigned as counsel to Hoff and the district court stated no additional attorneys would be appointed if Balaban withdrew. On November 7, 2024, Balaban moved to withdraw claiming a "deterioration of the attorney/client relationship" and because Hoff wanted him to proceed with an unethical defense strategy. Hoff was served with the motion and did not respond. The court granted Balaban's motion to withdraw on November 14, 2024. Hoff was served a copy of the withdrawal order. At the December 2, 2024 pretrial hearing, Hoff asked for appointed counsel. The court listed the many attorneys who had been assigned to represent Hoff and noted the previous order, which stated:

After reappointment on this motion, the Defendant will not be entitled to any further reappointments. If there is a withdrawal of appointed counsel, Defendant will be required to retain counsel if he would like to be represented. The trial set for 9/25/24 shall be reset. No further continuances will be granted for substitution or withdrawal of counsel.

The court stated Hoff was required to represent himself at trial the next day if he did not retain an attorney. Hoff represented himself at trial and was convicted. Hoff appeals.

## II

### A

[¶5] Hoff claims the district court violated his Sixth Amendment right to counsel. "A criminal defendant's right to counsel is guaranteed by the Sixth Amendment of the United States Constitution and Article I, Section 12 of the North Dakota Constitution." *State v. Lewellyn*, 2025 ND 98, ¶ 8, 21 N.W.3d 108. The federal and state constitutions:

[G]uarantee a criminal defendant's right to counsel at all critical stages of prosecution. A defendant has the right to have counsel present at any stage of the prosecution, formal or informal, in court or out, where counsel's absence might derogate from the accused's right to a fair trial.

*State v. Pulkrabek*, 2022 ND 157, ¶ 14, 978 N.W.2d 659 (cleaned up). Hoff's Sixth Amendment right to counsel attached in this case but the right is not absolute. *Lewellyn*, ¶ 8. "The district court does not have a duty to continually seek new counsel for a capricious and difficult defendant." *Id.* (quoting *State v. Yost*, 2014 ND 209, ¶ 10, 855 N.W.2d 829). "Our standard of review on an alleged denial of the constitutional right to counsel is de novo." *Id.*

[¶6] When analyzing an alleged violation of a defendant's Sixth Amendment right to counsel, this Court first determines whether the defendant's waiver was voluntary. *Lewellyn*, 2025 ND 98, ¶ 9. A defendant can satisfy this first inquiry through an indication of "a voluntary desire for self-representation with an

unequivocal statement or with conduct that is the functional equivalent of such a statement." *Id.* If this Court concludes a voluntary waiver occurred, it also must determine whether the waiver was knowingly and intelligently made. *Id.* Whether a waiver was knowing and intelligent "depends on the facts and circumstances and requires the defendant to be made aware of the dangers and disadvantages of self-representation so the record establishes the defendant knows what he is doing and his choice is made with eyes open." *Id.*

B

[¶7] In analyzing Hoff's claim we first determine whether waiver was voluntary. Hoff did not affirmatively waive his right to counsel through a verbal or written statement, but rather said on multiple occasions he did not want to waive his right to counsel. Therefore, we must determine whether his conduct was functionally equivalent to a voluntary waiver of the right to counsel. Conduct functionally equivalent to a waiver includes "continued requests for new court-appointed counsel after the trial court clearly denied an initial request or a manipulative pattern of obstructing the legal process." *Lewellyn*, 2025 ND 98, ¶ 10 (cleaned up); *see also Yost*, 2014 ND 209, ¶ 15 (describing cases which constituted functional equivalents to a waiver of the right to counsel).

[¶8] In *Lewellyn*, the defendant had six court-appointed attorneys withdraw, three unrelated to his conduct. 2025 ND 98, ¶ 11. Two attorneys withdrew because of the defendant's dissatisfaction with representation and deterioration of the attorney-client relationship. *Id.* One withdrew because of an undisclosed ethical conflict. *Id.* The defendant was then told by the district court one more attorney would be appointed, and the defendant made it "abundantly clear" he did not want that attorney's representation. *Id.* ¶¶ 11-12. This Court determined:

> Lewellyn was warned before Balaban withdrew that the next attorney appointed would be his last. He was further warned before Glass was allowed to withdraw that another attorney would not be appointed. Despite these warnings, Lewellyn made it clear that he did not want Glass representing him and that he would represent himself if no substitute counsel was appointed to represent him. We therefore conclude Lewellyn provided the functional equivalent of a voluntary waiver of the right to counsel.

3

*Id.* ¶ 14.

[¶9] Here, Hoff's first attorney, Klein, was substituted because he was no longer employed by the public defender's office. Hoff's next appointed attorney, Loraas, moved to withdraw because of a breakdown in the attorney-client relationship. Walker then was assigned, a conflict of interest developed, and he withdrew. Balaban was assigned and the district court's order stated no additional attorneys would be appointed if Balaban withdrew. Balaban moved to withdraw based on a "deterioration of the attorney/client relationship" and because Hoff wanted to proceed with an unethical defense strategy.

[¶10] Hoff again asked for an attorney to represent him at the pretrial hearing—one day before trial. The district court referred to the previous order that stated no continuance would be made to provide him with counsel, and Hoff was required to represent himself if he did not retain an attorney. On these facts and de novo standard of review, we conclude the consistent breakdowns in Hoff's attorney-client relationships and his request to pursue an unethical trial strategy constituted a functional equivalent of a voluntary waiver of the right to counsel.

### III

[¶11] Because Hoff's conduct constituted a functional equivalent of a voluntary waiver of the right to counsel, we next consider whether waiver was knowingly and intelligently made. *Lewellyn*, 2025 ND 98, ¶ 9. A waiver is knowingly and intelligently made when:

> [T]he defendant fully understands the nature of the right and how it would likely apply in general in the circumstances—even though the defendant may not know the specific detailed consequences of invoking it. For a defendant to knowingly and intelligently waive the right to counsel and opt to proceed pro se, the defendant must be aware of the dangers and disadvantages of self-representation so the record establishes the defendant knows the choice is made with eyes open.

*State v. Janachovsky*, 2025 ND 30, ¶ 8, 17 N.W.3d 531 (cleaned up); *see also Faretta v. California*, 422 U.S. 806, 835 (1975) (discussing the "knowingly and

4

intelligently" requirement). "A specific colloquy about the dangers and disadvantages of self-representation is not required, but trial courts should eliminate any ambiguity about functional waivers by making a specific on-the-record determination that the defendant unequivocally, knowingly, and intelligently waived the right to counsel." *State v. Benter*, 2022 ND 101, ¶ 11, 974 N.W.2d 403 (quoting *State v. Poitra*, 1998 ND 88, ¶ 10, 578 N.W.2d 121).

[¶12] In *Janachovsky*, the district court informed the defendant of the "dangers and disadvantages" of self-representation. 2025 ND 30, ¶ 9. The court told the defendant he would have to meet the same standards as a practicing attorney and asked if the defendant would be able to do so, and the defendant responded, "All right." *Id.* This Court concluded the defendant's conduct was a functional waiver that was knowingly and intelligently made. *Id.* ¶¶ 7, 9. In *Benter*, the defendant's second attorney withdrew and the court told the defendant if a breakdown of the relationship with a third attorney occurred the court could find a functional waiver of the right to counsel. 2022 ND 101, ¶ 12. After the third attorney withdrew, the court asked the defendant if he wanted to represent himself or if he wanted an attorney. *Id.* The defendant stated, "if I have to I will. Like I said, I'll do what I have to do." The district court determined the defendant knowingly and intelligently waived his right to counsel and we affirmed. *Id.* ¶ 13.

[¶13] In *Yost*, this Court determined the waiver was not knowingly or intelligently made. 2014 ND 209, ¶ 23. The defendant "was not warned of the danger that his continued requests for new court-appointed counsel could be deemed the functional equivalent of a voluntary waiver of his right to counsel. He was not given the choice of having [appointed counsel] or representing himself." *Id.* ¶ 21.

[¶14] Here, Hoff was not present at the hearing for the withdrawal of Walker, his third attorney. Hoff instead was served with the order granting Walker's withdrawal. In the order granting Walker's withdrawal the district court stated:

> After reappointment on this motion, the Defendant will not be entitled to any further reappointments. If there is a withdrawal of appointed counsel, Defendant will be required to retain counsel if

5

he would like to be represented. The trial set for 9/25/24 shall be reset. No further continuances will be granted for substitution or withdrawal of counsel.

[¶15] Once Balaban, Hoff's final appointed attorney, moved to withdraw, Hoff was served with the order. He was not warned of the implications of self-representation before this. The lack of a *Faretta* colloquy prevented Hoff from being able to knowingly and intelligently waive his right to counsel.

[¶16] The first discussion of waiver of the right to counsel occurred when Hoff appeared for the pretrial conference. The district court told Hoff he would be proceeding to trial the next day and he was required to represent himself if he did not have a retained attorney. Hoff replied he did not waive his right to an attorney. The court then continued with the pretrial hearing. The record does not show the district court explained to Hoff the implications of self-representation like in *Benter* or *Janachovsky*. The court, like in *Yost*, failed to properly warn the defendant.

[¶17] Prior to allowing Balaban to withdraw, the district court should have informed Hoff of the implications of self-representation. This would have allowed Hoff to decide whether to continue working with Balaban, retain an attorney, or to proceed with self-representation. To properly waive his right to counsel Hoff needed to be advised of the dangers and difficulties of self-representation. Although Hoff's behavior constituted a functional equivalent of a waiver of his right to counsel, the lack of a timely warning about the implications of self-representation prevented the court from finding Hoff's waiver was knowingly and intelligently made.

IV

[¶18] The record does not establish Hoff's waiver of his Sixth Amendment right to counsel was knowingly and intelligently made. The case is reversed and remanded for proceedings consistent with this decision.

[¶19] Jon J. Jensen, C.J.
Daniel J. Crothers
Jerod E. Tufte

6

Douglas A. Bahr

**McEvers, Justice, concurring specially.**

[¶20] I agree with and join the majority in sections I and II. I specially concur with the result reached by the majority in sections III and IV.

[¶21] In section II, B, the majority analyzes whether Hoff's waiver was voluntary and revisits the litany of Hoff's court appointed attorneys and the reasons for their withdrawals. Majority, ¶¶ 7-10. I write separately to note the district court's advisement to Hoff at the hearing where his second appointed attorney, Lorass, moved to withdraw. The court warned Hoff that he is not entitled to counsel of his choice, and he would be required to move forward with his next attorney. Hoff responded, "I understand and have complied with that completely, Your Honor." Other than mentioning to Hoff that he may choose to represent himself, nothing was said about the dangers and disadvantages of representation. The court later advised Hoff in its September 5, 2024 order that after the next reappointment, Hoff would not be entitled to any further appointments, Hoff would be required to retain counsel if he wanted to be represented, and no further continuances would be granted.

[¶22] We have described an intelligent waiver of counsel as one where the defendant "knows what he is doing and his choice is made with eyes open." *City of Fargo v. Habiger*, 2004 ND 127, ¶ 17, 682 N.W.2d 300 (quoting *Iowa v. Tovar*, 541 U.S. 77, 88 (2004)). In *Habiger*, we stated that the district court did not need to enter into a specific colloquy about the dangers of proceeding pro se. *Id.* ¶ 19 (relying on *State v. Dvorak*, 2000 ND 6, ¶ 11, 604 N.W.2d 445). Because there is no prescribed formula for establishing when a defendant has knowingly and intelligently waived his right to counsel, and considering Hoff's familiarity with the court system, I submit that the court's multiple warnings that no further counsel would be appointed was adequate. At the time this case was charged, Hoff was incarcerated for murder serving a sentence of life without parole. *Hoff v. State*, 2024 ND 235, ¶ 2, 14 N.W.3d 892. Since that conviction, Hoff has filed three applications for postconviction relief, at least one of which he filed without assistance of counsel. *Id.* ¶ 3. Hoff has also represented himself in a divorce action

7

that he commenced and which was contested, went to trial, and subsequently appealed by Hoff. *Hoff v. Gututala-Hoff*, 2018 ND 115, ¶¶ 2-3, 910 N.W.2d 896.

[¶23] While there may have been adequate facts in the record to support a finding that Hoff's waiver was voluntary, the district court did not make such finding. The court should have made a finding on the record that Hoff unequivocally, knowingly, and intelligently waived his right to counsel. *Dvorak*, 2000 ND 6, ¶ 11; *see also State v. Benter,* 2022 ND 101, ¶ 11, 974 N.W.2d 403 ("A specific colloquy about the dangers and disadvantages of self-representation is not required, but trial courts should eliminate any ambiguity about functional waivers by making a specific on-the-record determination that the defendant unequivocally, knowingly, and intelligently waived the right to counsel."). In my view, it is the lack of a finding, not the lack of a proper advisement of the risks of Hoff representing himself, that was the error by the court. For that reason, I concur in the result.

[¶24] Lisa Fair McEvers